IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| DAVID LAMAR MARSH, | : | |
| Plaintiff, | : | Case No. 3:23-CV-00127-CDL-CHW |
| v. | : | |
| CLARKE COUNTY JAIL, | : | Proceedings Under 42 U.S.C. §1983 |
| | : | Before the U. S. Magistrate Judge |
| Defendant. | : | |

## ORDER

*Pro se* Plaintiff David Lamar Marsh, a pre-trial detainee confined in the Athens-Clarke County Jail in Athens, Georgia has filed a complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff has also filed a motion for leave to proceed *in forma pauperis*. ECF No. 2.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 2. As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**. However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited

from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived. Plaintiff's submissions indicate that he is also unable to pay an initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

    I.    <u>Directions to Plaintiff's Custodian</u>

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire

$350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

    II.    <u>Plaintiff's Obligations Upon Release</u>

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Here, Plaintiff is a pretrial detainee in the Athens-Clarke County Jail. ECF No. 1 at 1. Plaintiff complains that his "lungs was shutting down due to the mildew on [his] mattress". *Id*. at 5. Plaintiff further states that a nurse advised him to "let the officer know [he] need[s] new mattress, who have mildew on there mattress". *Id*. at 6. Plaintiff seeks damages. *Id*. at 8.

Plaintiff's complaint in its present form is subject to dismissal under 28 U.S.C. § 1915A(a) for failure to state a claim. First, he has named the "Clarke County Jail" as a Defendant. ECF No. 1 at 1. Courts have recognized that sheriff's departments, police departments, and county detention facilities are not legal entities subject to suit or liability under 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (advising that "sheriff's departments and police departments are not usually considered legal entities subject to suit . . . ."); *Bunyon v. Burke County*, 285 F. Supp.2d 1310, 1328 (S. D. Ga. 2003*)* (dismissing claim against police department, reasoning that it was not a legal entity subject to suit); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N. D. Ga. 1984) (concluding that the City of Atlanta Police Department is not a proper defendant because it is "merely the vehicle through which the City government fulfills its policing function"). Thus, the Clarke County Jail is not an entity subject to suit in a 42 U.S.C. § 1983 action.

Finally, the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted". This provision generally requires that a prisoner file an administrative grievance and then appeal any denial of relief through all levels of review that comprise the grievance process **before** filing suit in federal court. *Brown v. Sikes,* 212 F.3d 1205, 1207 (11th Cir. 2000) (emphasis added).; *see also Woodford v. Ngo,* 548 U.S. 81, 95 (2006) (holding that "[t]he benefits of

4

exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance"); *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (finding completion of administrative remedies after suit has been filed insufficient to cure an exhaustion defect evident at the commencement of the suit).

The PLRA's exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong". *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is defined by each prison's grievance procedure, not the PLRA; a prisoner must comply with his prison's grievance procedure to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The exhaustion requirement cannot be waived even when the grievance process is futile or inadequate. *See id.* at 211; *Porter*, 534 U.S. at 524. The law is well-settled that "the question of exhaustion under the PLRA [is] a threshold matter that [federal courts must] address before considering the merits of the case". *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012) (internal quotation marks omitted) (citing *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004) and *Alexander v. Hawk*, 159 F.3d 1321, 1325–26 (11th Cir. 1998)). The court will therefore "resolve this issue first". *Myles*, 476 F. App'x at 366.

Although failure to exhaust is an affirmative defense, dismissal of a complaint is warranted under the screening process set out in 28 U.S.C. § 1915A when it appears clear "on the face of the complaint" that the plaintiff failed to exhaust all available administrative

remedies prior to filing suit in federal court and thereby cannot state a claim for relief. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); *Anderson v. Donald*, 261 F. App'x 254, 256 (11th Cir. 2008) (per curiam) (Georgia inmate failed to exhaust administrative remedies where he failed to appeal grievable claims after presenting to the appropriate party).

Plaintiff's claims arise from an onset of illness on October 3, 2023 and his complaint is signed just thirty days later. See ECF No. 1 at 5 and 8. Plaintiff indicates in his complaint that he has submitted two grievances complaining about moldy mattresses but concedes that his grievances had not been resolved prior to his filing this lawsuit. *See* ECF No. 1 at 3; ECF No. 1-2; ECF No. 1-3. Moreover, these grievances seem to have been submitted less than 60 days prior to Plaintiff filing this suit, with one being dated just six days before Plaintiff signed his complaint. *See id*. Thus, it appears that Plaintiff may not have provided a reasonable amount of time for the Clarke County Jail to fully respond to his grievances prior to the instant filing of this lawsuit.

Plaintiff must provide jail officials a "fair and full opportunity" to address the issues internally before initiating a federal action. *Woodford*, 548 U.S. at 90; *see also Porter*, 534 U.S. at 524–25("Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.").

If Plaintiff has not exhausted his administrative remedies prior to the filing of this suit, he can request a voluntary dismissal of this civil action[1] to pursue exhaustion of his administrative remedies and then refile a complaint once those remedies have been exhausted. If Plaintiff believes he has fully exhausted his administrative remedies prior to initiating this civil action and wishes to proceed with his lawsuit, the Court will afford Plaintiff one opportunity to remedy the defects with his current complaint as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").

Plaintiff is required to submit an amended complaint if he wishes to proceed with his claims. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to

---

[1] Rule 41 of the Federal Rules of Civil Procedure provides that a "…plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion to summary judgment, or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Because no defendant has been served in the case, leave of court is not required to dismiss this action, and Plaintiff is automatically entitled to voluntary dismissal.

plausibly demonstrate that each Defendants' actions or omissions resulted in the violation of his constitutional rights. It is also recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

>   (1)   *What* did this defendant do (or not do) to violate your rights?   In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct?
>
>   (2)   Is the Defendant a supervisory official and if so, was he/ she personally involved in the constitutional violation?   If not, did his/her actions otherwise cause the unconstitutional action?   How do you know?[2]
>
>   (3)   *When* and *where* did each action occur (to the extent memory allows)?
>
>   (4)   *How* were you injured as a result of this defendant's actions or decisions?
>
>   (5)   *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer an injury?   *What* did this defendant do (or not do) in response to this knowledge?
>
>   (6)   What relief do you seek from this Defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he also need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will

---

[2] Police Commissioners, Sheriffs, Captains, and other supervisors are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); *see also Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation");

presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff's recast complaint shall take the place of and supersede all allegations made in the original complaint. Meaning, the Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint. The Court will not consider those facts contained in Plaintiff's original complaint. Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed. ***The complaint must be no longer than ten (10) pages in its entirety.*** Plaintiff is not to include any exhibits or attachments unless they address this Court's concern as to Plaintiff's failure to exhaust his administrative remedies.

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**. If Plaintiff wishes to proceed with this action, he must recast his complaint the Court's standard § 1983 form as instructed and state a claim for which relief may be granted. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit his amended complaint. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.** There will be no service of process upon any Defendant until further order of the Court.

9

The Clerk of Court is **DIRECTED** to forward Plaintiff a standard § 1983 form along with his service copy of this order (with the civil action number showing on all) for Plaintiff's use in complying with the Order of the Court.

**SO ORDERED and DIRECTED**, this 28th day of December, 2023.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge